**Tyrone MELTON, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 58419.

Missouri Court of Appeals,
Eastern District,
Division One.

April 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1991.

William J. Swift, St. Louis, for movant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Movant appeals denial of his Rule 27.26 motion for post conviction relief after an evidentiary hearing. On January 15, 1987, movant entered pleas of guilty to two counts of deviate sexual assault in the first degree, § 566.070 RSMo 1986, and to one count of tampering with a witness, § 575.270 RSMo 1986. In accordance with a negotiated plea bargain, the court sentenced movant to seven years on each count of deviate sexual assault and to three years for tampering with a witness, to be served concurrently.

On appeal movant alleges the motion court erred when it ruled movant entered his guilty pleas knowingly, intelligently and voluntarily. He argues the "guilty plea proceeding and post conviction hearing testimonies demonstrate he was unable as a result of being mentally retarded to evaluate the desirability of foregoing the rights he would be afforded at a trial." Prior to entering pleas of guilty, movant requested a mental examination. The court sustained the motion and referred movant for mental examination and evaluation pursuant to §§ 552.020 and .030 RSMo 1986.

The motion court found:

1. Movant's plea was entered knowingly and voluntarily. At his plea hearing, the Movant was questioned extensively and testified that he understood the charges against him, that he understood he did not have to plead guilty, and that he understood he had certain rights and by pleading guilty he waived those rights.

2. Movant's counsel was not ineffective. The Movant was examined by Dr. Sean Yutzy at Malcolm Bliss Mental Health Center. Dr. Yutzy performed an extensive psychological examination of the Movant and concluded that although the Movant had mild mental retardation, he was competent to stand trial. The Movant could list the charges against him, understand their nature, and assist his attorney in his defense ... Therefore, given the results of Dr. Yutzy's report and the record of the Movant's plea, the Movant had mental capacity to voluntarily enter a plea of guilty and, thus, waive his constitutional rights.

We have studied the record on appeal including the transcripts of movant's plea and post conviction motion hearings. The record was sufficient to make movant's mental capacity a question of fact. The plea court crafted its questions so as to require thought by movant before answering. Although movant did not graduate, his formal education included grade twelve. Further, we note movant was sentenced in accordance with a negotiated plea bargain in which he received concurrent sentences for the three charges.

During his post conviction motion hearing, movant denied defense counsel told him a jury could find him not guilty. Movant testified he thought he would get a longer sentence if he went to trial than if he pled guilty. Neither of these issues support an argument movant was incompetent to understand the charges and the plea bargain or to knowingly and intelligently tender guilty pleas. The findings and conclusions of the motion court are supported by the record and are not clearly erroneous. Rule 27.26(j). They are supported by a competent medical opinion and movant's testimony with the plea.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.